YORKSHIRE ICE COMPANY, Appellant, *v.* DEWITT C. FLANAGAN, Respondent.

First Department, February 9, 1917.

Landlord and tenant — agreement that tenant may remove fixtures after expiration of term — conversion — refusal of grantee of landlord to allow removal of fixtures.

Where it was agreed between a landlord and tenant at the expiration of the term that the tenant could thereafter remove certain fixtures left upon the premises, a subsequent grantee of the landlord who refuses to allow the former tenant to remove the fixtures is guilty of converting the same and is liable for their value.

APPEAL by the plaintiff, Yorkshire Ice Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 25th day of January, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of January, 1916, denying the plaintiff's motion for a new trial made upon the minutes.

*Jacob B. Engel,* for the appellant.

*Eugene Untermyer,* for the respondent.

SMITH, J.:

Plaintiff was a corporation engaged in the manufacture of artificial ice, and occupied a building on the corner of One Hundred and Seventieth street and Third avenue, New York city. In 1913, for the purposes of its business, the corporation purchased certain fixtures and other personal property of the value of about $5,000. About that time the plaintiff vacated the premises, taking away some of this property, and leaving some of it on the premises, pursuant to arrangement with the then owner. Shortly thereafter the plaintiff desired to remove this property to other premises in Brooklyn, and was permitted to remove some, but the balance the watchman refused to allow it to remove. It appears that the premises had changed hands and was purchased by the Cottage Realty Company, of which the defendant is the president. The watchman

asked the plaintiff's manager to see the defendant and obtain permission from him to remove the chattels. The defendant absolutely refused to allow him to remove any of the chattels. Thereupon this action was brought against the defendant for conversion.

That this property was in the possession of the plaintiff prior to the plaintiff's abandonment of these premises is undisputed. This possession raises a presumption of ownership and the right to possession, which there has been no attempt to rebut. The defendant makes no pretense of claim to the property or to its right of possession, while the plaintiff has supported its presumption by actual evidence of ownership. Before the jury the main issue was beclouded by immaterial questions. It matters not whether the property was originally bought by Shapiro, the general manager of the plaintiff, or by the plaintiff itself. Shapiro swears that some of it was bought by him and turned over to the plaintiff. The defendant, therefore, has full protection against any claim by Shapiro. The question was raised as to the rights of the plaintiff to some of the property under a conditional bill of sale, but it is a matter of no importance to the defendant if the vendor in a conditional bill of sale permits the defendant to retain possession. The question was raised as to whether some of the property had in fact been paid for. This, also, was of no concern to the defendant as long as possession had been delivered to the plaintiff by the vendor. The defendant, therefore, without the shadow of right to the property or its possession, is withholding possession from one who as against the defendant has the full right thereto. Flanagan, the Cottage Realty Company's president, who refused to allow the plaintiff's manager to take the property, does not appear as a witness, and it should have been held that in the absence of any rebutting proof the evidence of the possession of the plaintiff when the property was left in the building raised a sufficient presumption of plaintiff's right thereto to authorize a directed verdict as against this wrongdoer for converting the property by refusing to deliver the same upon due demand.

There may be some question as to just what property was left on the premises by the plaintiff and to what it is entitled.

The defendant cannot complain that the particular articles of property were not specified, because the defendant refused to allow any property to be taken on the ground that the defendant had bought the real estate and was entitled to all the property thereupon.   The plaintiff is clearly entitled to a verdict for the value of any property that was left there by consent upon abandonment of the premises and which the defendant has refused to allow the plaintiff to take away.

The judgment and order should, therefore, be reversed and a new trial granted, with· costs to appellant to abide the event.

SCOTT, LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.